IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ECR PROPERTIES, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) CASE NO. 3:12-CV-760-MEF |
| CAMDEN COUNTY DEVELOPMENT, LLC, BOND SAFEGUARD INSURANCE COMPANY, | ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

In accordance with Federal Rule of Civil Procedure 56 and the Court's briefing schedule, defendants Camden County Development, LLC ("Camden") and Bond Safeguard Insurance Company ("Bond Safeguard") submit the following in reply to plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment (Doc. 56) and in further support of defendants' Motion for Summary Judgment (Doc. 48) and Defendants' Brief in Support of Motion for Summary Judgment (Doc. 49).

**INTRODUCTION**

In order for plaintiff ECR Properties, LLC ("ECR") to defeat the defendants' properly supported motion for summary judgment, ECR must come forward with substantial evidence of a genuine issue of material fact. *See* Fed. R. Civ. P. 56. Further, the standard for summary judgment is clear that a factual inference "based on speculation and conjecture is not reasonable" and will not prohibit the entry of summary judgment. *See Blackston v. Shook & Fletcher Insulation Co.*, 764 F.2d 1480, 1482 (11th Cir. 1985). *See also Bell Atlantic v. Twombly*, 550

232931.2

U.S. 544, 555 (2007) (discussing standard required for an allegation to survive a motion to dismiss and stating that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . ."); *Buckner v. Jones*, No. 3:08-CV-481, 2009 WL 2136505 at *10 (M.D. Ala. July 15, 2009) (applying *Twombly* when granting summary judgment).

Here, the defendants have submitted a motion for summary judgment, properly supported by both the law and undisputed facts, demonstrating that both Camden and Bond Safeguard are entitled to judgment as a matter of law on ECR's breach of contract claim. (*See* Defendants' Brief in Support of Motion for Summary Judgment, Doc. 49, at 14-23). ECR's response does not rebut that showing and fails to challenge any of the undisputed material facts submitted by the defendants in support of their motion for summary judgment. Specifically, ECR's response reveals no substantial evidence to support its allegation that Camden is the alter ego of Bond Safeguard, nor that the obligation owed by Camden to deed property into Rivers Reach Development, LLC runs to the LLC and not to ECR. Because ECR has failed to present substantial evidence of a genuine issue of material fact as to ECR's breach of contract claim against Camden and Bond Safeguard, the defendants' motion for summary judgment as to ECR's claim for breach of contract is due to be granted.

## ARGUMENT

### I. ECR Fails to Adduce Substantial Evidence to Support its Alter Ego Claim.

Bond Safeguard should be granted summary judgment in its favor on ECR's breach of contract claim because ECR and Camden are the only parties to the Operating Agreement and Camden is not an alter ego of Bond Safeguard. As detailed in section I of Defendants' Brief in Support of Motion for Summary Judgment, the plaintiff bears the burden of proving a sufficient

relationship to succeed on an alter ego theory, and ECR has failed to adduce substantial evidence of such a relationship. *See, e.g., Canal Indem. Co. v. Recency Club Owners Ass'n*, 924 F. Supp. 2d 1304, 1312-13 (M.D. Ala. 2013); Doc. 49 at 16-19 and attached exhibits. In its response, ECR fails to even mention the factors that Alabama courts utilize to determine whether an alter ego relationship exists—factors which, when applied to this case, conclusively establish that Camden is not the alter ego of Bond Safeguard. *See Evntl. Waste Control, Inc. v Browning-Ferris Indus., Inc.*, 711 So. 2d 912, 915 (Ala. 1997) (citing *Duff v. S. Ry.*, 496 So. 2d 760, 762-63 (Ala. 1986)); Doc. 49 at 17-19.

Instead, ECR merely restates its assertion that Camden and Bond Safeguard are "owned and controlled by the same persons and/or entities." (Doc. 56 at 3). ECR continues to ignore the fact that a mere overlap in management does not, by itself, create an alter ego relationship. *See Matrix-Churchill v. Springsteen*, 461 So. 2d 782, 788 (Ala. 1984). Indeed, Camden has ten members who are not affiliated with Bond Safeguard—each of whom purchased his/her interest in Camden with his/her own money. (Doc. 49 at 18 n.8 and attached exhibits). Additionally, ECR's attempt at characterizing Camden as "undercapitalize[ed]" does not include any explanation as to why a $10,000 initial capital contribution is grossly inadequate, nor does it offer any authority to show that a business becomes the alter ego of another company when it receives an advance on a line of credit from that company. (Doc. 56 at 4). The defendants question how commerce would even function if businesses were afraid to borrow money from other companies for fear of being considered an alter ego. ECR neglects to apply any of the *Duff* factors to the facts of this case, and the limited evidence it does offer does not reach the level of substantial evidence that could indicate a genuine issue of material fact as to whether Camden is the alter ego of Bond Safeguard.

In lieu of trying to establish an alter ego relationship under the *Duff* analysis, ECR deflects by making a new claim that Bond Safeguard and Camden are somehow "*both* the alter egos of either Lexon Surety Group, Surety Acquisition Corp., Exchange Corp., J.A. Pattco, Inc, or the James Patterson Revocable Trust." (Doc. 56 at 6). This is exactly the kind of speculation and conjecture which, as stated above, will not prohibit the entry of summary judgment. Offering no evidence to support this assertion, and again wholly ignoring the *Duff* factors used in Alabama to determine alter ego status, ECR simply requests permission to amend its complaint to add "the proper entity," without indicating which entity that may be. (Doc. 56 at 6). It is, of course, well settled in the Eleventh Circuit that "a plaintiff cannot amend his complaint through argument made in his brief in opposition to the defendant's motion for summary judgment." *Miccosukee Tribe of Indians of Fla. v. United States*, 716 F.3d 535, 559 (11th Cir. 2013) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (per curiam)). In addition, per this Court's Uniform Scheduling Order (Doc. 11) and Amended Scheduling Order (Doc. 33), any motion to amend the pleadings or to add more parties was required to be filed on or before January 7, 2013. (Doc. 11 at ¶ 4; Doc. 33 at ¶ 4). ECR's request to add even more defendants is unwarranted by the evidence presented, prohibited under the law of the Eleventh Circuit, and expressly disallowed by the Court's scheduling orders. Thus, ECR's request to add additional defendants should be denied.

ECR has failed to adduce substantial evidence that an alter ego relationship exists between Camden and Bond Safeguard. As a result, ECR's alter ego claim must fail, and Bond Safeguard is entitled to summary judgment in its favor on ECR's breach of contract claim.

## II. ECR's Breach of Contract Claim is Derivative in Nature and Should Have Been Asserted on Behalf of Rivers Reach Development, LLC.

ECR lacks standing to sue Camden for failure to deed the property to Rivers Reach Development, LLC ("Rivers Reach") because ECR was not the proper party to bring a direct suit seeking liability against Camden for contributions under the Operating Agreement. (Doc. 49 at 20). ECR claims that the defendants did not raise "the defense that ECR is not a proper party" until Defendants' Brief in Support of Motion for Summary Judgment. (Doc. 56 at 6). However, the defendants asserted "lack of standing" in its answer, and the focus of an inquiry into standing is on whether the plaintiff is the "proper part[y] to bring the action." *Wyeth, Inc. v. Blue Cross & Blue Shield of Ala.*, 42 So. 3d 1216, 1220 (Ala. 2010); Doc. 6, Affirmative Defenses ¶ 32. Thus, the defendants have asserted ECR's lack of standing as a defense ever since their answer, and ECR's attempt at diverting attention from its lack of standing lacks merit.

Next, ECR argues that it was the proper party to bring a suit against Camden because its complaint alleges injuries to ECR and not to Rivers Reach. (Doc. 56 at 7). ECR cites the case of *DGB, LLC v. Hinds*, 55 So. 3d 218 (Ala. 2010), for the proposition that when a member of an LLC sues another member of the LLC directly and the plaintiff has "alleged injury to [itself] individually . . . [and its] claims are not derivative in nature," the plaintiff has standing to maintain its direct claims against the other member. 55 So. 3d at 229; Doc. 56 at 8. The defendants agree, but *DHB* is not controlling in this case because ECR's claim for breach of contract <u>is</u> derivative in nature. ECR's breach of contract claim arises solely from Camden's alleged breach of its obligation under the Operating Agreement to convey property to Rivers Reach. That claim is derivative in nature because under Alabama LLC law, a member's liability for failing to perform a promise to convey property is owed to the LLC. *Ala. Code* § 10A-5-5.02 ("a member is obligated to the limited liability company to perform any promise to . . . convey

property . . . .").[1]  ECR states that this claim arises because Camden did not "deed the real property contemplated in the agreement into Rivers Reach." (Doc. 56 at 8). If ECR sought to enforce an obligation of Camden to make a contribution to Rivers Reach arising from the Operating Agreement, ECR was required to bring that action derivatively on behalf of Rivers Reach.[2]

Contrary to ECR's assertions, the defendants do not allege that *Ala. Code* § 10A-5-4.04 "mandate[s]" a derivative action. (*See* Doc. 56 at 9). Rather, the defendants agree with ECR that "[i]n analyzing whether a claim is derivative or direct, th[e] Court looks to the nature of the alleged wrong rather than the designation used by the plaintiff in the complaint." *Altrust Financial Services, Inc. v. Adams*, 76 So. 3d 228, 238 (Ala. 2011) (citing *Baldwin County Elec. Membership Corp. v. Catrett*, 942 So. 2d 337, 344-45 (Ala. 2003)). As such, where Alabama law states that the liability of an LLC member for failing to perform a promise to convey property runs to the LLC, claims asserted to impose such liability under a breach of contract claim are inherently derivative and must be made on behalf of the LLC. *See Ala. Code* § 10A-5-5.02. ECR's breach of contract claim alleges that Camden failed to perform its promise to convey property to Rivers Reach. ECR did not file this claim as a derivative action, and thus is

---

[1] The defendants disagree with ECR's conditioning the application of *Ala. Code.* § 10A-5-5.02 on the Court's "determin[ing] that ECR's breach of contract claim is derivative in nature." (Doc. 56 at 10 n.2). The plain language of *Ala. Code* § 10A-5-5.02 applies to this case, which is a straightforward attempt to impose liability on an LLC member for allegedly failing to perform a promise to convey property to the LLC. *See Ala. Code* § 10A-5-5.02. Thus, any liability against Camden for its alleged failure to convey the real property contemplated in the Operating Agreement would run to Rivers Reach, and the benefit of any recovery would pass to Rivers Reach. (*See* Doc. 49 at 20; Doc. 56 at 10-11).

[2] ECR claims that the defendants' counterclaim should be dismissed in a similar fashion because the defendants have asserted that "Plaintiff failed to perform its obligations under the terms of the operating agreement . . . ." (Doc. 56 at 11; Doc. 6 at ¶ 4). ECR's claim is derivative in nature because under *Ala. Code* § 10A-5-5.02, Camden's liability for allegedly failing to convey property runs to the LLC, Rivers Reach. However, the defendants' counterclaim for ECR's breach of contract does not arise out of a failure to deed property to the LLC. ECR has identified no authority stating that ECR's liability for its breach of contract, in failing to complete required construction in Phase 3 and failing to properly market and sell even a single lot within the Rivers Reach subdivision, runs to anyone but Camden. Moreover, ECR has failed to make a proper motion to dismiss Camden's counterclaim, and as stated above, may not rely on its opposition brief to raise new claims or defenses.

not the proper party to carry the claim forward as asserted. As a result, ECR lacks standing, and the defendants are entitled to summary judgment in their favor as to ECR's breach of contract claim.

ECR recognizes that the Court may find that its claim is derivative in nature, and asks in that case that the Court allow ECR to amend its complaint to a derivative action "against" Rivers Reach. (Doc. 56 at 9). As stated above, a brief in response to a motion for summary judgment is not the proper avenue through which to amend pleadings, and further, the Court's deadline for amending pleadings has passed. (*See supra* § I, at 4). However, if the Court does permit ECR to amend its complaint to assert a derivative claim on behalf of Rivers Reach, any damages obtained as a result of ECR's claims belong to Rivers Reach itself, less reasonable attorney fees for ECR. *Ala. Code* § 10A-5-4.04(d).

III. **The Operating Agreement Was Designed to Prevent the Parties from Being Forced to Partner with Persons They Did Not Want to Partner With.**

Camden entered into the Operating Agreement with ECR based on the personal relationships it had with ECR's original members and their claims of experience and expertise in developing property. (Doc. 49, at 21 and attached Exhibit 1 at ¶¶ 9-10). ECR appears to argue that it makes no difference who its members are, and that nothing in the Operating Agreement was affected by the transfer of ECR's interest in Rivers Reach from its original members to the Investors. (*See* Doc. 56 at 13, 15; Doc. 49 at 21). As explained in Defendants' Brief in Support of Motion for Summary Judgment, this position is in clear opposition to the clear intent of the parties as manifested by the various provisions of the Operating Agreement limiting the transfer of members' interests in Rivers Reach. (*See* Doc. 49 at 22-23 and attached Exhibits). Despite ECR's attempts to downplay the significance of these provisions limiting the transfer of interests individually, taken together the provisions demonstrate that the intent of the parties to the

Operating Agreement was not to have a partner they do not want. The only reason Camden entered into an agreement with ECR was that ECR's original members claimed to possess the skill and knowledge necessary to develop the Rivers Reach subdivision. The transfer of ECR's interests from those original members to the Investors represented a clear departure from that arrangement, and ECR's argument that it remains the proper party to bring suit—after the arrival of the Investors completely violated the various provisions and intent of the Operating Agreement—is inequitable at best.

## CONCLUSION

Based on the foregoing and for all the reasons previously set forth in Defendants' Brief in Support of Summary Judgment (Doc. 49), no genuine issues of material fact exist and the defendants are entitled to judgment as a matter of law on ECR's breach of contract claim.

Respectfully submitted this the 11th day of December, 2013.

/s/ *W. Joseph McCorkle, Jr.*

/s/ *John W. Naramore*

Attorneys for Defendants
Camden County Development, LLC and
Bond Safeguard Insurance Company

OF COUNSEL:

W. Joseph McCorkle, Jr.
ASB 3914-O65W
jmccorkle@balch.com

John W. Naramore
ASB 6120-S01H
jnaramore@balch.com

BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 269-3134
Facsimile: (334) 269-3115

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of December, 2013, I electronically filed the foregoing Reply in Support of Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for all parties to this action:

> Chan Gamble
> James R. McKoon, Jr.
> McKoon & Gamble
> Post Office Box 3220
> Phenix City, Alabama  36868-3220

/s/ *John W. Naramore*
Of Counsel